NATIONS et al. v. ULMER et al.

No. 3766.

Court of Civil Appeals of Texas. El Paso.

Nov. 23, 1938.

Rehearing Denied Dec. 15, 1938.

Isaacks & Lattner, of El Paso, for appellants.

Whitaker, Perkins & Turpin, of Midland, for appellees.

WALTHALL, Justice.

This suit was brought in the District Court of Midland County, Texas, by Henry Clay Nations and others against M. C. Ulmer and Charles L. Klapproth, nominated and appointed independent executors and trustees in the last will of Emily E. Crier, deceased, to obtain a construction of that part of the will of said Emily E. Crier in which she provided for the compensation to be paid M. C. Ulmer and Charles L. Klapproth out of her estate for their services as independent executors and trustees. Other parties were brought into the suit as defendants, but they each in effect disclaimed any interest therein, and we need not further refer to them.

Defendants Ulmer and Klapproth, individually and as independent executors and trustees nominated and appointed in the will of Emily E. Crier, deceased, filed and presented to the court their first amended plea in abatement, which plea contained general and special exceptions to plaintiffs' petition as to the court's jurisdiction and as to plaintiffs' right to maintain their suit against them, for the reason, among others, that they, Ulmer and Klapproth, were appointed and qualified as independent executors and trustees under the will, and the will by its terms

and provisions having fixed their compensation as executors and trustees free from control of the court, and that the discretion in the interpretation of the will as to their compensation was by the will exclusively in them, and that it did not appear from the petition that they had acted fraudulently or in wilful mismanagement or conduct in the affairs of the estate or in the determination of their commission, and that the construction placed by them on the provisions of the will as to their compensation was a fair and reasonable one. Defendants Ulmer and Klapproth, in addition to the objections to the petition as to jurisdiction, alleged in their plea in abatement their good faith in observing the directions and instructions in the will in determining their compensation; that they had used their best judgment in determining same and that the construction placed on same by them was a fair and reasonable one consistent with the purpose and intention of the deceased as reflected by the will; that the decedent had no revenue bearing properties of any consequence to pay the costs and expenses of administration and the compensation to the executors.

Plaintiffs' petition stated the will and its codicil, alleged the interest of the various devisees thereunder, recited the amounts that had been received and disbursed by the executors and prayed that that part of the will be construed allowing the compensation to the executors, and that the defendants Ulmer and Klapproth, as executors, be required to pay over to the funds of the estate such amount as the court might find they had retained in excess of the amount allowed by the will, stating the amount.

No statement of facts is in the record. The trial court sustained the plea in abatement and rendered judgment dismissing plaintiffs' cause of action and made findings of fact and conclusions of law pertaining to the plea.

The disposition we have concluded to make of the case necessitates a brief statement of only a portion of the court's findings of fact. Section seven of the will and paragraph A thereof provides: "(a). I desire the expenses of this trust to be paid out of the income from my properties, including a suitable compensation to the trustees herein named or their successors as herein provided for, which compensation, however, shall never exceed 10 percent of the gross income."

Later, the testator, Emily E. Crier, executed a codicil to the will which reads as follows:

"That paragraph 'a' on page two of said will is hereby revoked and the following substituted therefor:

"I desire that the expenses of this trust be first paid out of the income and that the expenses here directed to be paid shall consist of and include:

"Any and all items of cost and commissions under the law as in the administration of estates.

"Any and all attorney's fees or other expenses necessary to incur in maintaining the property or reducing the same to possession.

"An additional amount of ten percent of the gross income which is hereby named as compensation to the trustees in addition to fees and commissions allowed by law in the administration of estates, which said commissions and compensation the trustees may retain without any judicial ascertainment."

The court found that in the administration of the estate as independent executors and trustees under the will, defendants Ulmer and Klapproth construed the will to allow them, and they allotted to themselves, five percent of all cash receipts, except monies on hand at the time of testatrix's death, and disbursements, and ten percent on all monies received under the will, except monies on hand at time of testatrix's death, including said commissions on the amount of the principal and interest of the note of Clara J. Looney and husband payable to said estate, which amount the executors made available to said estate by collecting $2,000 in cash thereon and obtaining from Clara J. Looney a conveyance to the other beneficiaries under the will of her interest in the estate, except as stated.

In another paragraph the court found that in allotting to themselves the commissions and compensation as executors and trustees under the will, Ulmer and Klapproth "acted in good faith and that their construction of the will is a reasonable and fair interpretation as to the compensation due them as executors and trustees under the will, and that they have endeavored to follow the directions and instructions given them in the will, and have fairly and in good faith used their best judgment in the determination of the amount of their compensation."

The court made other findings of fact which we omit to state in view of the disposition we think to make of the case.

The court concluded from the facts found that the court had no jurisdiction and that the suit should be abated and dismissed at plaintiffs' cost, to all of which findings and conclusions plaintiffs excepted.

#### Opinion.

The court makes it very clear in the judgment rendered that, in the opinion of the court, from the facts found the court was without jurisdiction to try the case on the merits, that is, to construe the will as to the compensation Ulmer and Klapproth were entitled to retain for themselves as executors and trustees and acting as such under the will. The judgment rendered recites that the court is of the opinion that the law is with defendants Ulmer and Klapproth on their plea in abatement, that the plea is sustained, and that the suit is abated and dismissed. We make the above statement in view of appellants' insistence that this court construe the will and determine the compensation appellees are entitled to retain thereunder, and in view of some of appellants' assignments in the brief under which appellants discuss the merits of their suit.

The trial court not having decided the case on the merits, this Court is without jurisdiction or power to do so. The appeal is from the judgment rendered and not what the trial court might have considered had that court entertained jurisdiction.

The only question before us is whether the trial court was in error in considering and sustaining appellees' plea in abatement. Article 3436 of the Revised Statutes of this State authorized the testatrix, Mrs. Emily E. Crier, to provide in her will that no other action shall be had in the court in relation to the settlement of her estate than the probating and recording of her will and the return of an inventory, appraisement and list of claims of her estate. Her will having so provided, and appellees having been appointed by her in her will as independent executors and trustees, and she having provided in her will that there should be no judicial ascertainment as to the compensation to be retained by executors and trustees, the construction placed upon the will by her executors as to their compensation appellees insist is conclusive and may not be inquired into

by the courts where the executors act in good faith and in the absence of any fraud or arbitrary and unreasonable construction of the will by them. Without repeating in detail the trial court's finding here, the court found that the executors did act in good faith and according to their best judgment, and that their action in construing the will as to their commissions was both fair and reasonable.

Appellants do not suggest that the court's finding is not supported by the evidence, but do contend that the executors did not make a proper interpretation of the will.

We make a few references to some of the opinions of the courts, which we think are in point on the question presented.

■ In Grant et al. v. Stephens et al., 200 S.W. 893, 895, it is said by the Fort Worth Court of Civil Appeals, in a suit construing a will, that, "By the terms of the will * * * the executors and trustees named, in whose judgment, discretion, and honesty the testator evidently reposed great confidence, were made umpires to decide 'all doubtful questions of construction in the interpretation of said will * * according to their best judgment * * * without resort to the courts.' In Couts v. Holland et al., 48 Tex.Civ.App. 476, 107 S.W. 913, writ denied 110 S.W. XIII, it is held that this provision authorized the trustees to determine what property the will applies to and what it does not, and does not limit them to a determination of what disposition was intended to be made of property to which it clearly applies." The opinion refers to and quotes from Thompson on Wills, section 432, where the case of Couts v. Holland is cited with approval, and where the author said: "It is not unusual for the testator to provide in his will that all questions relative to the construction thereof are to be submitted to a certain designated person or persons, such as his executors, who shall act as umpire or arbitrator, and whose decision if fairly and honestly made, will be final and binding on all parties interested." The opinion of the Fort Worth Court then proceeds: "In the instant case the chosen umpires have construed the will so as to include within the estate devised and bequeathed to them in trust the income as well as the corpus of the estate. Since we do not feel justified in holding that the conclusion reached by the executors and trustees upon this point was not fairly and honestly made, and reasonably to be predicated upon the terms of the will taken as a whole, it follows that we are not authorized, under the authorities, to overrule their decision. Of course, if the decision made by the trustees evidenced a gross departure from the manifest intent of the testator as disclosed in the will, then it could not be said that such decision was the result of an honest endeavor to find that intent."

■ In 42 Texas Jurisprudence, page 711, Sec. 96, it is said: "In the absence of evidence of mala fides, the courts are disinclined to interfere where the trustee has been given discretionary powers * *. The court will refuse to review his decision in the absence of a showing that he did not exercise his discretion in good faith, or that his decision was unreasonable; for the trustee in such case stands in the position of an arbitrator."

In Davis v. Davis, 44 S.W.2d 447, the Texarkana Court of Civil Appeals said [page 450]: "The court can only interfere and afford relief in cases of discretionary power upon evidence of fraud, collusion, or abuse of discretion," and referred to 49 C.J. sec. 131, page 1297.

In 65 C.J., at page 678, it is said: "Although the discretion of a trustee is subject to the control of the court, ordinarily the court will not, of its own motion or at the instance of interested parties, interfere with the performance of the trustee and the exercise of his discretionary powers conferred on him, except where there is shown bad faith on his part, fraud, a gross and arbitrary abuse of discretion," referring to Davis v. Davis, 44 S.W.2d 447, in which it is said by Judge Levy of the Texarkana Court of Civil Appeals [page 450], "It is the well-settled rule that the courts will not ordinarily interfere to control the execution of a discretionary power."

The point of difference between appellants and appellees is on the construction of the will by appellees as to their compensation. Appellees contend that the testatrix both in the will and in the codicil, in stating their compensation used the words "income" and "gross income", and that she had in mind and stated the compensation they were to receive, and which they construed were percentages on the receipts which would come into their hands from time to time, and which amounts would be reasonable and fair.

Appellants contend that the testatrix, in the use of the word "income," intended

704

that the compensation to the executors should not be computed on the basis of the gross receipts and disbursements, as found by the court.

We have referred to the above stating the difference between the parties in the construction of the will for the purpose of determining whether the trial court and this court could conclude there was such a gross departure from the manifest intent of the testatrix in stating the compensation of the executors as to show as a matter of law a want of honest endeavor to find and observe the intent of the testatrix as to the compensation allowed.

While recognizing the full weight to be given to the trial court's findings of fact that appellees acted in good faith and exercised their best judgment in interpreting from the language of the will the intent of the testatrix in stating the compensation the executors should receive for their services, we have concluded that an interpretation of the will itself by the trial court is necessary in order that this court may know the meaning we may give to the will and the intent of the testatrix in the words used in order to arrive at a safe and satisfactory conclusion as to the intent and meaning of the testatrix in fixing such compensation.

The court not having interpreted the will, and this court not having jurisdiction to do so in the absence of an interpretation by the trial court, the case is reversed and remanded.