ESTATE OF ALBERT E. NETTLETON, THE SYRACUSE TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4371.   Promulgated March 19, 1945.

*George H. Bond, Esq.*, and *Lyle Hornbeck, Esq.*, for the petitioner. *Sidney B. Gambill, Esq.*, for the respondent.

990

OPINION.

HARRON, *Judge*: Section 811 (d) (2) of the Internal Revenue Code provides that the gross estate of a decedent shall include the value of property transferred in trust by the decedent "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke  *  *  *." The respondent takes the position that the power granted to the trustees by paragraph seventh of the 1932 trust and paragraph eighth of the 1935 trust amounts to a power reserved by the decedent to alter, amend, or revoke the trusts. Paragraph seventh of the 1932 trust and paragraph eighth of the 1935 trust are identical. They provide that the "Trustees shall have the power, in their uncontrolled discretion, to use and apply from time to time such part of the principal of the trust estate held for any beneficiary as they may consider suitable and necessary in the interests and for the welfare of such beneficiary." Since the decedent was one of the trustees of both trusts and, as such, had the power to invade the corpus of the trusts, respondent argues that for all practical purposes such a power was equivalent to a power to alter or amend.

The principle is now well established that the term "alter, amend, or revoke" as used in section 811 (d) comprehends any situation where the grantor, either alone or in conjunction with others, retains the

power to vary materially the enjoyment of the property interests transferred in trust. See *Union Trust Co. of Pittsburgh* v. *Driscoll*, 138 Fed. (2d) 152; certiorari denied, 321 U. S. 764, where the trust instrument gave the trustees, of whom the grantor was one, the right to change or vary the interests of the beneficiaries; *Commissioner* v. *Bridgeport City Trust Co.*, 124 Fed. (2d) 48; certiorari denied, 316 U. S. 672, where the decedent reserved only a power to alter the disposition of income among the beneficiaries; and *Chickering* v. *Commissioner*, 118 Fed. (2d) 254; certiorari denied, 314 U. S. 636, where the grantor retained limited powers of apportioning trust income and corpus among the beneficiaries. See also *Porter* v. *Commissioner*, 288 U. S. 436; *Welch* v. *Terhune*, 126 Fed. (2d) 695; certiorari denied, 317 U. S. 644; *Guggenheim* v. *Helvering*, 117 Fed. (2d) 469; certiorari denied, 314 U. S. 621; *Commissioner* v. *Chase National Bank*, 82 Fed. (2d) 157; certiorari denied, 299 U. S. 552; and *Dort* v. *Helvering*, 69 Fed. (2d) 836; certiorari denied, 293 U. S. 569. As pointed out in *Union Trust Co. of Pittsburgh* v. *Driscoll, supra*, the reservation of the power to shift the interests of the beneficiaries is an attribute to ownership of property, and is substantially equivalent to any power of a decedent to dispose of property which renders the property subject to estate tax. The element which brings the corpus within section 811 (d) is that the grantor, after the creation of the trust, reserves the right to determine by whom and in what proportion the corpus will be taken.

It is immaterial that the power reserved by the grantor can only be exercised in his capacity as trustee or even in conjunction with other trustees or with persons beneficially interested in the trust estate. *Welch* v. *Terhune, supra; Union Trust Co. of Pittsburgh* v. *Driscoll, supra; Estate of John Moir*, 47 B. T. A. 765. Section 811 (d) refers to the existence of the power in the decedent and not to the capacity in which it is to be exercised.

Both of the trusts in this proceeding come within the principles enunciated by the above authorities. The decedent, during his lifetime, reserved the right to determine how much of the corpus should be paid to his daughter, Alice N. Edwards, and consequently how much should remain for his grandchildren or descendants. The reservation of this right constituted a string upon the enjoyment of the beneficial interests and a power to change the enjoyment of those interests. The share of the remaindermen could be diminished by decedent as trustee in favor of his daughter, the life tenant, to whatever extent he considered "suitable and necessary in the interests and for the welfare" of the daughter.

Petitioner argues, however, that the decedent at no time had the power to alter, amend, or revoke either trust because paragraph second of moth trusts contained the provision that the "Grantor expressly

surrenders all right and power to amend, modify or revoke this instrument * * *." It claims that, since the decedent specifically surrendered the power to alter, amend, or revoke the trusts by paragraph second, that paragraph must prevail over the paragraph authorizing the trustees to invade corpus, and that the only logical interpretation of both paragraphs is that only the trustees other than the decedent had the power to invade corpus. We can not agree with this argument. Paragraph second by its terms refers to a surrender of powers in decedent's individual capacity as grantor. That surrender does not affect his powers as trustee. There is no natural inconsistency in the two paragraphs, and petitioner obviously intended that, as trustee, he should have the right to determine when, and in what amount, principal might be paid to the life beneficiary. If such were not his intention, he could easily have inserted a provision in the trust indentures expressly surrendering that right.

Petitioner also advances the further argument that the decedent at the time of his death had no power to alter, amend, or revoke either trust because it claims that conditions permitting the exercise of such power had not arisen at that time. It stresses the fact that the income from the trusts was more than sufficient to take care of the needs of Alice N. Edwards and her family and, since that was so, the trustees would not be warranted in invading corpus for her benefit. Apparently, it argues that the power given to the trustees was contingent, citing *Helvering* v. *Tetzlaff*, 141 Fed. (2d) 8, and *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407; appeal dismissed, 99 Fed. (2d) 1007. Those cases, however, are inapplicable because the particular trusts were different. In *Helvering* v. *Tetzlaff, supra*, the power to alter or amend was contingent upon the settlor's surviving his wife and, since that contingency had not occurred, the trust corpus was not includible in the settlor's estate under section 811 (d). In *Daisy Christine Patterson, Executrix, supra*, it was held that, since the power granted the trustees to disburse trust corpus was not absolute, but conditional upon a certain contingency which did not happen during the decedent's lifetime and which he did not control, the decedent did not retain the power to alter or amend the trust under section 811 (d). In this proceeding, however, the provision authorizing the trustees to pay principal "as they may consider suitable and necessary in the interests and for the welfare" of the beneficiary is so broad and all-embracing as not to require the alleged condition precedent that the life beneficiary be in need of the corpus. Where a trust sets forth such broad and embracing conditions that they do not describe definite events which may or may not occur, they are not real conditions precedent. Cf. *Mary E. Wenger*, 42 B. T. A. 225, 232, affd., 127 Fed. (2d) 523. If the trustees, in their honest judgment, concluded that it would be for the best interest of the life beneficiary to have a large

country estate, they could have invaded the corpus for that purpose. A decision of that nature is for the trustee and not for a court, although the court may review the question of good faith as a matter of fact. *In re Briggs Will*, 167 N. Y. S. 632; modified, 180 App. Div. 752; modified, 223 N. Y. 677; 119 N. E. 1032; *In re Emmons' Will*, 300 N. Y. S. 580. The term "welfare" has a broad connotation and may denote a condition of happiness or prosperity. Webster's International Dictionary (2d Ed. Unabr., 1938), p. 2900. Cf. *Merchants National Bank of Boston* v. *Commissioner*, 320 U. S. 256. In view of the wide range given to decedent, as trustee, to invade corpus, it would be difficult to place any reasonable bounds upon the possibility of his power of alteration. Under the circumstances, the power given to the trustees to disburse principal was not conditional upon any contingency, but was, for all practicable purposes, absolute. The fact that the power was not exercised is immaterial. The reservation of the power is the controlling factor.

However, we think it clear that only the remainder interests following the life estate of Alice N. Edwards are includible in decedent's gross estate. Only that portion of the trust corpus over which the grantor retained the power of change and alteration is includible in his estate. *Estate of Hofheimer*, 2 T. C. 773; *Estate of Harry Holmes*, 3 T. C. 571, 577; *Commissioner* v. *Bridgeport City Trust Co., supra*. In this proceeding, the life estate was irrevocably vested in Alice N. Edwards, and decedent retained no power to *decrease* her interest. The power which he reserved to invade corpus could affect only the remainder interests.

We can not agree with respondent's contention that the decedent reserved the power to disburse principal to the *remaindermen* during his daughter's lifetime. The trustees were given the power to use *"such part* of the principal of the trust estate *held for any beneficiary* as they may consider suitable and necessary in the interests and for the welfare of *such beneficiary."* (Italics supplied.) Under the dispositive provisions of both trusts, the interests of the remaindermen for whom trusts were to be set up depended upon their surviving decedent's daughter. As long as the daughter lived, the corpus was held for her and the trustees could invade such corpus only for her benefit. It is not until she dies that the corpus, such as it is at that time, will be divided and the separate trusts will be established for her children. Furthermore, only the corpus of a trust set up for the benefit of a child can be used for such child. We think this is the only reasonable interpretation of the power of invasion given to the trustees.

In view of this holding, it is unnecessary to consider the final issue raised by the pleadings; namely, whether the remainder interests in

the 1932 trust are includible in decedent's gross estate under section 811 (c).[1] However, we think it clear that such interests are so includible, since the decedent reserved the power to appoint other beneficiaries if all the designated beneficiaries predeceased him. See *Fidelity-Philadelphia Trust* v. *Rothensies*, 324 U. S. 108. Until the moment of his death, the decedent held a string over the trust corpus.

Respondent, on brief, presents an argument not raised by the pleadings or made at the hearing; to wit, that the full value of the corpus of both trusts is includible in the decedent's gross estate under section 811 (c). In the deficiency notice he determined that the value of the remainder interest in the 1932 trust was includible under section 811 (c), but made no claim that any portion of the 1935 trust was includible under that section. This determination was apparently based upon that portion of section 81.17 of Regulations 105 which reads as follows:

Thus upon a transfer by a decedent of property in which an estate for life is given to one and an estate in remainder to another, but with a provision added that the estate in remainder shall revest in the decedent should he survive the owner of the life estate, there is to be included, in determining the value of the decedent's gross estate following his death, the value as of the date of his death of the estate in remainder, if the life estate is then outstanding. The value of the outstanding life estate is not to be included in determining the value of the gross estate, unless that estate had been transferred in contemplation of the decedent's death, or otherwise as to render it a part of the gross estate.

Here, under both trusts, decedent's daughter had an outstanding life estate, and the value of that estate is not includible under section 811 (c), as that section is construed by respondent's regulations. In view of these regulations, respondent's argument that the full value of the corpus of both trusts is includible under section 811 (c) is untenable.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[1] SEC. 811. GROSS ESTATE.

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *