ESTATE OF EDWARD L. HURD, CHARLOTTE H. HURD, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7443.   Promulgated April 25, 1946.

*Daniel A. Rush, Esq.*, for the petitioner.
*A. J. McDowell, Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge*: The cotrustees, one of whom was the decedent, the settlor of the trust, had authority to pay over to or expend the entire net income for the benefit of the decedent's daughter or her survivors, or they could pay over the whole or any part thereof to the decedent's wife during her lifetime. With respect to the principal of the fund, the cotrustees could, in their sole discretion, pay over the entire corpus or any part of it to decedent's wife. Otherwise the corpus was to be left intact for distribution to remaindermen upon termination of the trust.

The respondent has determined that the trust is includible under section 811 (c), Internal Revenue Code, as one where the decedent had the "right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom." He further determined that the trust was includible in decedent's gross estate under section 811 (d) (2) of the code as one where the enjoyment was, at the date of decedent's death, subject to change through the exercise of a power to alter, amend, or revoke.

In the circumstances we deem it necessary to treat the matter only with respect to the application of section 811 (d) (2), inasmuch as it seems clear to us that the value of the trust is includible by virtue of that provision.

The petitioner asserts that section 811 (d) (2) does not reach the trust, since the decedent as settlor expressly relinquished all rights to alter, amend, or revoke the trust and his only power or responsibilities in connection with the trust were those he enjoyed by virtue of the fact that he was one of the trustees. It is further claimed that a power to terminate is not included under section 811 (d) (2) as is the case under section 811 (d) (1).

Section 811 (d) (2), dealing with transfers on or prior to June 22, 1936, embraces and includes a power of termination. *Commissioner* v. *Estate of Holmes*, 326 U. S. 480. The right of the cotrustees to pay over, at any time, the entire corpus of the trust to the decedent's wife constitutes a power to terminate. The petitioner does not seriously contend otherwise. Nor does the fact that decedent's powers in connection with the trust property were exercisable only in his capacity as trustee take the transfer beyond the reach of the section here in question. It is established that section 811 (d) (2) embraces such powers, irrespective of the capacity in which they are exercisable by the settlor. *Welch* v. *Terhune*, 126 Fed. (2d) 695; *Union Trust Co. of Pittsburgh* v. *Driscoll*, 138 Fed. (2d) 152; *Estate of Albert E. Nettleton*, 4 T. C. 987.

However, we need not rest our conclusion solely upon the fact that the decedent could terminate the trust. In addition to that right, the cotrustees were authorized to vary the enjoyment of the trust property. They could pay over or expend all or a part of the income for the benefit of the daughter and her survivors or they could distribute all or any portion thereof to the wife. It appears that they may have had authority to accumulate the income. As to the principal, they could, in their discretion, pay it over to the wife in whole or in part or leave it for eventual distribution to the remaindermen. The right to determine by whom and in what proportions the trust property shall be taken brings the trust within section 811 (d). *Estate of Albert E. Nettleton, supra.*

Finally, the petitioner contends that the decedent had become mentally and physically incapable of exercising any discretion in 1939 and that he remained so to the date of his death. It is argued that because of his condition he was unable to act, and that as a matter of fact he did not discharge any duties or responsibilities in connection with the trust from 1939 on. The trust indenture provided that in case of the absence or disability of any trustee the remaining trustees or trustee could act alone or in behalf of all of the trustees as effectually as if all the trustees were present and acting. It further provided that a trustee should be responsible for his own acts only and should not be liable for the default or omission of his cotrustee or cotrustees. The petitioner asserts that the remaining trustee, from and after 1939,

acted alone and that, since the decedent's connection with the trust was solely by reason of the fact that he was a trustee, his power and control over the trust ceased in 1939. It is argued that in these circumstances, it may not be said that the decedent held or exercised, at his death, such power or control as is requisite to the application of sections 811 (c) or 811 (d).

It is true that in the opinion of his physician the decedent was not capable of making normal decisions respecting property rights at the time of his death or at any time after the fall of 1939. But, decedent was never removed from his trusteeship nor was he ever adjudged mentally incompetent. The design of the revenue act is to include in the estate of a decedent property theretofore disposed of by him but over which he retained a power, such as is here present, at the time of his death. While the matter is one of first impression, we should think that some definitive action might well be necessary to terminate the retained power of the decedent before the purpose of the statute can be defeated. It is not unusual that during a protracted illness one might be incapable, both physically and mentally, of making normal decisions affecting property rights, and yet we would not suppose that the statute does not apply in such cases. Petitioner's argument is a plausible one, but we are not convinced.

In the circumstances, we sustain the respondent. The two minor issues settled by the stipulation will be given effect in a recomputation.

*Decision will be entered under Rule 50.*