ESTATE OF FRANK CLOWE, DECEASED, MARTHA CLOWE DICKINSON, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26779. Promulgated March 12, 1952.

*Will M. Sutton, Esq.,* for the petitioner.
*Donald P. Chehock, Esq.,* for the respondent.

OPINION.

Murdock, *Judge:* The petitioner claims that the attempted transfer of the remainder interest to others than Martha is void because it violates the common law rule against perpetuities applicable in Texas, but the provisions of the instrument transferring interests to Martha are valid, with the result that a fee simple interest was transferred to her and there was no transfer subject to any change within the meaning of section 811 (d) (1). The validity of the instrument has never been challenged in Texas. The Commissioner sees no violation of the rule against perpetuities in any part of the trust instrument. The trust instrument indicates that the grantor was thinking primarily of Martha when he created the trust. Nevertheless, his next

concern was for her children. The rule is that an attempted transfer of a future interest is void unless the interest must vest within a life in being at the time of the transfer and 21 years thereafter. *Brooker* v. *Brooker*, 130 Tex. 27, 106 S. W. 2d 247, 254. A remainder interest is vested when the person who is to succeed to that estate is in existence and is ascertained and the event, which by express limitation will terminate the precedent estate, is certain to happen. 2 Tiffany, Real Property (3d ed.), par. 319. The termination of the trust is an event, certain to happen, which by express limitation will terminate the precedent estate. Martha had heirs and, later, children in existence ready to succeed to the remainder if she should die. The only question on this point is—when will the ones who are actually to succeed to the remainder become ascertainable.

The petitioner contends that they can not be ascertained until the termination of the trust and the vesting of the remainder interests is thus dependent, not upon the life of any person, but upon a period of time which might be longer than 21 years. It argues that the persons who are named to succeed to the remainder are either Martha's children living at the termination of the trust or her heirs to be determined at that time. It points to the repeated use of the word "then" in the first sentence of paragraph 13 of the trust instrument to show that the remainder interests are to go to the children of Martha living at the time of the termination of the trust rather than to her children living at the time of her death. The remainder interests will necessarily vest at Martha's death and well within the rule if the remainder interests are to go, at the termination of the trust, to her children living at the time of her death, or if none, to her heirs determinable as of that time.

The trust instrument is not entirely clear and specific on a number of points, including this one. The trust may continue after Martha's death but the grantor did not say what is to be done with the income during that period or that the Clowe & Cowan, Inc., stock may be sold during that period. A court of competent jurisdiction will probably direct payment of the income and authorize or approve a sale during that period in order to effectuate the trust, if any occasion arises. But, however that might be, nevertheless, the instrument gives others than Martha an interest in the remainder. The dominant underlying principle in all such cases is to carry out the intention of the grantor gathered from the words used in the instrument. Here the grantor obviously intended to give the remainder interests to Martha's children, or to her heirs, under certain circumstances and if this sentence of paragraph 13, ambiguous and indefinite as it is, can be interpreted fairly to carry out that intent legally, such an interpretation is to be favored over one which would result in a violation of the rule against perpetuities and which would thus completely frustrate the grantor's efforts to give the remainder interests to those children, or to those

heirs, under any circumstances. *Rust* v. *Rust*, 211 S. W. 2d 262, affd. 147 Tex. 181, 214 S. W. 2d 462; *Brooker* v. *Brooker, supra; Boyd* v. *Frost Nat. Bank*, 145 Tex. 206, 196 S. W. 2d 497, 503.

The sentence easily lends itself to the interpretation that the property is to go to Martha upon the termination of the trust, if she is then living, but, in case her death occurs before the termination of the trust, all of her children who survive her, or, if none, her heirs at her death, are identified as the persons to take the trust properties upon the later termination of the trust. Indeed, that interpretation seems more natural and less forced than that urged by the petitioner, having in mind the entire instrument. Furthermore, the surrounding circumstances disclosed in the record tend to support that same conclusion. A court of competent jurisdiction in Texas would probably hold that this trust instrument does not in any way violate the rule against perpetuities. Cf. *Rust* v. *Rust, supra*. This conclusion takes away the basis for a large part of the petitioner's argument.

The decedent was a trustee and had the power, in conjunction with the other two trustees, to terminate the trust at the end of 10 years, or any time thereafter, by selling the Clowe & Cowan, Inc., stock. He died 15 months before the end of the first 10-year period of the trust. Thus, the extent of his power to terminate the trust at the date of his death was to combine with the other trustees in a sale of the stock which would terminate the trust, not immediately, but 15 months thereafter on November 18, 1947. The ultimate question is whether that power subjected the enjoyment of the transferred properties to a change within the meaning of section 811 (d) (1). The power did not subject to any change the enjoyment of the estate of Martha in the income for 25 years or for life, whichever is shorter. That interest could not be diminished by the grantor and no reason for taxing it as a part of the decedent's estate has been advanced. *Estate of Milton J. Budlong*, 7 T. C. 756, 763–4, modified 165 F. 2d 142; *Estate of Charles M. Thorp*, 7 T. C. 921, affd. 164 F. 2d 966, certiorari denied 333 U. S. 843. See also *DuCharme's Estate* v. *Commissioner*, 164 F. 2d 959, result changed for other reasons 169 F. 2d 76. The only enjoyment which was subject to any power to change was the enjoyment of the remainder interest after that estate. The enjoyment of that remainder interest was subject to this change—if the Clowe & Cowan, Inc., stock was sold during the life of Martha, then the children and heirs would be cut off entirely and Martha would take the whole estate provided she lived until November 18, 1947, whereas they had a chance to take the remainder interest as long as no sale was made during the life of Martha.

Section 811 (d) (3) provides that, for the purpose of subsection (d), the power to revoke shall be considered to exist on the date of the decedent's death even though the exercise of the power is subject to a

precedent giving of notice or even though the revocation takes effect only on the expiration of a stated period after the exercise of the power, whether or not on or before the date of the decedent's death notice has been given or the power has been exercised. That provision renders immaterial here the fact that a sale during the decedent's lifetime would not terminate the trust until November 18, 1947, 15 months after his death. Cf. *Mellon* v. *Driscoll*, 117 F. 2d 477, certiorari denied 313 U. S. 579; *Estate of Paul Loughridge*, 11 T. C. 968, affd. 183 F. 2d 294, certiorari denied 340 U. S. 830; *Commissioner* v. *Newbold's Estate*, 158 F. 2d 694; *Commissioner* v. *Holmes' Estate*, 326 U. S. 480. The petitioner argues that the trustees could only sell if they deemed a sale for the best interest of Martha and that made the power contingent upon an event beyond the control of the decedent. However, that argument was answered adversely to the petitioner in *Estate of Cyrus C. Yawkey*, 12 T. C. 1164. See also *Estate of Albert E. Nettleton*, 4 T. C. 987, 992; 42 Tex. Jur., pp. 711–712, section 96, and *Nations* v. *Ulmer*, 122 S. W. 2d 700, 703. The argument that the decedent had merely the power of sale and not the power to terminate has been answered unfavorably to the petitioner in *Estate of Paul Loughridge, supra; Estate of Charles M. Thorp, supra; Estate of Edward L. Hurd*, 6 T. C. 819, affd. 160 F. 2d 610. The case of *Estate of Mary H. Hays* v. *Commissioner*, 181 F. 2d 169, is distinguishable on the fact that here Martha did not receive a fee simple estate since she received only a contingent interest in the remainder. The power of the decedent over the remainder was of the kind described in section 811 (d) (1). *Commissioner* v. *Holmes' Estate, supra; Estate of Charles M. Thorp, supra*. The value of Martha's estate in the income should be subtracted from the agreed value of the stock and the remainder included in the gross estate. No further adjustment under section 811 (d) (3) is appropriate.

*Decision will be entered under Rule 50.*