**DOMINICK'S ESTATE et al. v. COMMIS-
SIONER OF INTERNAL REVENUE.**

**No. 56.**

Circuit Court of Appeals, Second Circuit.

Jan. 2, 1946.

844

Nevius, Brett & Kellogg, of New York City (Emil V. Pilz and Philip M. Brett, both of New York City, of counsel), for petitioners.

Samuel O. Clark, Jr., of Washington, D. C. (Sewall Key, J. Louis Monarch, and L. W. Post, all of Washington, D. C., of counsel), for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Under Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, § 811(c) reaches all inter vivos transfers which may be utilized in preference to the making of a will in order to effectuate a disposition of property which will be operative at death.

Taxpayer argues that, as the gift of the corpus to the son is dependent only upon his reaching the age of 25, and in no way upon his father's death, § 811(c) does not apply. We cannot agree. Until the son reached the age of 25, there remained a possibility that the property would revert to the grantor, and that possibility was extinguished by the grantor's death in 1941.

In Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, and Commissioner v. Field's Estate, 324 U.S. 113, 65 S.Ct. 511, the Supreme Court held that where the grantor retained a reversionary interest which might bring the whole of the corpus back into his possession, the entire value thereof should be included in his gross estate. See also, Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323. The taxpayer seeks to distinguish the instant case on the grounds that although the death of the grantor cut off his reversionary interest, it did not determine the ultimate possession or enjoyment of the property, as it did in the Fidelity-Philadelphia and Field cases. But the mere fact that the death of the grantor does not resolve all the contingencies in the son's future estate is not a material distinction; at the time of the grantor's death, the last string which he held on the corpus was cut, and the elimination of this reversionary interest is sufficient by itself to support the imposition of the estate tax.

Taxpayer relies in part on Commissioner v. Irving Trust Co., 2 Cir., 147 F.2d 946, 949. In that case, the trustee had the power in his absolute discretion to pay over the corpus to the grantor, and we distinguished the Fidelity-Philadelphia case on the ground that the grantor retained no legally "enforcible right of enjoyment or possession." No such distinction is applicable here.

The possibility that the reversionary interest might have disappeared three years later, when the son would be 25 years of age, does not detract from the effect of the existence of that reversionary interest at the time of the grantor's death. Cf. Goldstone v. United States, supra. Nor does the remoteness of the reversionary interest affect its valuation for estate tax purposes. The estate tax is not based on the value of the reversionary interest of the decedent at the time of his death, but on the value of the property to which that reversionary interest relates. Commissioner v. Field, supra, 324 U.S. 113 at page 116.

Whether Bankers Trust Co. v. Higgins, 2 Cir., 136 F.2d 477 survives the recent Supreme Court decisions we need not here decide. For the decision in the Bankers Trust case turned on the right to invade the corpus to the extent necessary to yield the grantor a certain annual income, and we held that only the value of such possible future inroads on the corpus should be included in the gross estate. In the instant case, the grantor's "string" is attached to the entire corpus.

Admitting, arguendo, that the value of the corpus of the trust might properly be included in the decedent's gross estate, taxpayer claims a deduction for the value of a life estate in the son, instead of the deduction for the value of the temporary estate, which is all that was allowed by the Tax Court. There is no basis for allowing such a deduction. The son did not have a life estate as claimed, but simply the gift of the income for a term, which gift would end should he die before the expiration of

the term. This is not a true life estate, and consequently, Article 81.17 of Regulations 105[1] does not apply.

Affirmed.

[1] It reads: "Sec. 81.17. Transfers conditioned upon survivorship. The statutory phrase, 'a transfer * * * intended to take effect in possession or enjoyment at or after his death,' includes a transfer by the decedent prior to his death (other than a bona fide sale for an adequate and full consideration in money or money's worth) whereby and to the extent that the beneficial title to the property transferred (if the transfer was in trust), or the legal title thereto (if the transfer was otherwise than in trust), is not to pass from the decedent to the donee unless the decedent dies before the donee or another person, or its passing is otherwise conditioned upon decedent's death; or, if title passed to the donee, it is to be defeated and the property is to revert to the decedent as his own should he survive the donee or another person, or the reverting of the property to the decedent is conditioned upon some other contingency terminable by his death. * * * The value of the outstanding life estate is not to be included in determining the value of the gross estate, unless that estate had been transferred in contemplation of the decedent's death, or otherwise as to render it a part of the gross estate."