## DU CHARME'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10452.

Circuit Court of Appeals, Sixth Circuit.

July 26, 1948.

For former opinion see 164 F.2d 959, wherein decision of the tax court, 7 T.C. 705 was reversed.

U. George Krapfel, Laurence A. Masselink and Beaumont, Smith & Harris, all of Detroit, Mich., for petitioner.

Theron L. Caudle, Charles Oliphant, John T. Rogers, Helen R. Carloss and Carlton Fox, all of Washington, D. C., for respondent.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Respondent's Petition for Rehearing having been considered by the Court;

And it appearing from the Court's ruling, as indicated in its opinion of December 12, 1947, that Trust No. 1 referred to therein falls within the provisions of Section 811 (d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(d), by reason of the provisions of Paragraph 12 of the Trust instrument as well as by reason of Paragraph 8 thereof, and that although under Paragraph 8 thereof the wife's life interest in the trust estate should not be included in decedent's gross estate for the reasons stated in said opinion, yet it is properly included in decedent's gross estate by reason of the provisions of Paragraph 12;

It Is Accordingly Ordered that said Petition for Rehearing be sustained with respect to Trust No. 1 so as to include the value of the entire trust in decedent's gross estate for the purposes of the imposition of the estate tax; and that the ruling of the Tax Court with respect to said Trust No. 1 be and is hereby sustained;

And it further appearing that the parties hereto have stipulated and agreed in writing that additional deductions in the total amount of $12,055.75 should be allowed the decedent's estate by reason of executor's commissions, attorneys' fees and miscellaneous expenses incurred and paid by the estate since the decision of the Tax Court was promulgated; which should be allowed in the recomputation of the tax herein involved,

It Is Further Ordered that this action be and is remanded to the Tax Court for further proceedings consistent with the views heretofore expressed in the Court's opinion of December 12, 1947, as herein changed and modified, and that the said parties be allowed the opportunity of presenting to and filing with the Tax Court the said stipulation and agreement with respect to said additional deductions for consideration by it in the recomputation of the tax herein involved.