*Decision will be entered under Rule 50.*

ESTATE OF CHARLES S. INMAN, DECEASED, ANDREW SHILAND, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31374.  Promulgated June 12, 1952.

*Allen T. Klots, Esq.*, for the petitioner.
*Rigmor O. Carlsen*, Esq., for the respondent.

524

OPINION.

BLACK, *Judge*: The issue raised here is whether decedent retained a power of termination under section 811 (d) (1) of the Internal Revenue Code so that the trust is includible in his gross estate and what value, if any, should be included.

The decedent created a trust on December 27, 1940, for a 10-year term, naming his three nephews as trustees. The trust was divided in three equal parts and each nephew was given the immediate and continuing right to receive all the income and the right to receive the principal upon the expiration of the trust on December 27, 1950. If the nephew should die before the expiration of the trust, the principal was to go to such persons related by blood or marriage as the nephew might appoint by will. In case of failure to appoint, the principal was to pass to the nephew's distributees. The only power retained by the decedent was to terminate the trust by unanimous agreement with all three nephews. In the event of termination, the nephews would immediately be entitled to the principal. Respondent determined that this power of termination brings the trust within section 811 (d) (1). Petitioner contends the retained powers are too slight and trivial to be so included.

The applicable statute is printed in the margin.[1] Specifically section 811 (d) (1) brings within the gross estate trusts "where the

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(d) REVOCABLE TRANSFERS.—

(1) TRANSFERS AFTER JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death ;

enjoyment thereof was subject * * * to any change through the excercise of a power * * * by the decedent in conjunction with any other person * * * to * * * terminate * * *." Section 811 (d) applies even though termination would result only in the acceleration of the nephews' interests as remaindermen because the nephews' enjoyment of the principal is thereby made certain. The trust provided in the event of a nephew's death prior to the end of the trust's term, the principal was to pass by a limited power of appointment by will among relatives or to the nephew's distributees. The Supreme Court held that such a termination power falls within 811 (d) in *Commissioner* v. *Holmes' Estate*, 326 U. S. 480, and said:

> It seems obvious that one who has the power to terminate contingencies upon which the right of enjoyment is staked, so as to make certain that a beneficiary will have it who may never come into it if the power is not exercised, has power which affects not only the time of enjoyment but also the person or persons who may enjoy the donation. More therefore is involved than mere acceleration of the time of enjoyment. * * *

See also *Hauptfuhrer's Estate* v. *Commissioner* (C. A. 3), 195 F. 2d 548, affirming a Memorandum Opinion of this Court. This kind of termination power is not too slight or trivial to fall with 811 (d). Section 811 (d) is not rendered inapplicable because decedent's power of termination required the consent of his three nephews who were the income beneficiaries and remaindermen. *Estate of Charles M. Thorp*, 7 T. C. 921, affd. 164 F. 2d 966, certiorari denied 333 U. S. 843. In the *Thorp* case we said:

> * * * Under paragraph 6 of the trust instrument the request to terminate was to be initiated by the life beneficiaries, but the termination could be consummated only by the act of the settlor. The trust instrument reserved to the settlor, during his lifetime, the right to control the vital act necessary to terminate it. We think the reservation of such a power clearly subjects the transfer to the provisions of section 811 (d) (2) of the code. *Commissioner* v *Estate of Holmes*, 326 U. S. 480.

We think the foregoing quotation from the *Thorp* case is equally applicable to the facts in the instant case. The intervening incompetency of decedent does not extinguish his power to terminate under section 811 (d). Article 81, sections 1356 to 1384 of the Civil Practice Act of New York specifically grants the Supreme Court of New York jurisdiction over the care of the person and property of an insane person. The Supreme Court of the United States considered a similar question in a case in which upon proper application to the New York Courts by the incompetent's committee, there was a transfer to the natural heirs of an incurably insane person, and such transfer was held to be in contemplation of death. *City Bank Farmers Trust Co.* v. *McGowan*, 323 U. S. 594. Subsequently in a case arising under Massachusetts law which held in effect that powers retained by an

incompetent decedent were a nullity, nevertheless the existence of the power and not the decedent's capacity to exercise it rendered the trust includible under section 811 (d) (2). *Estate of Edward L. Hurd,* 6 T. C. 819, affd. 160 F. 2d 610.

The three nephews were all in their 30's at the time of decedent's death, and the trust had only about four and one-half years to run. The parties stipulated that the actuarial value of the interests subject to termination was between three and one-half and four per cent of the trust corpus, which interests amounted to a total value of $6,522.67. There is no authority to support petitioner's contention that such an interest excludes the corpus of the trust from section 811 (d). We hold, therefore, that the trust corpus to the extent determined by the Commissioner is includible in decedent's gross estate.

In the alternative, petitioner argues that only this $6,522.67 should be included in petitioner's gross estate. The estate tax is not based on the value of what is received by inter vivos beneficiary, but on property to which the power of decedent attaches. Only that which decedent has released at all events may be deducted from the corpus. In the instant case, just prior to the decedent's death, the nephews were entitled absolutely to the trust income for 4½ years, the remaining portion of the trust's term. However, in order to be entitled to the remainder of the trust's corpus the nephews had to survive until the end of the term unless the trust had been properly terminated prior thereto.

On similar facts of valuation this case is on all fours with *Dominick's Estate* v. *Commissioner* (C. A. 2), 152 F. 2d 843, affirming a Memorandum Opinion of this Court, October 6, 1944. Although petitioner contends that this decision is incorrect, we hold otherwise and believe that the case adequately settles this question.

In conclusion, we hold that decedent's gross estate should be increased by $144,652.15, the trust corpus less the defeasible term of years.

At the hearing of this proceeding petitioner submitted a motion as follows:

Petitioners hereby move this Court for an order granting them leave to submit hereafter to Respondent proof of expenses incurred at or after this proceeding, including legal, actuarial and other expenses, for the purpose of computing the correct amount of the deficiency or overpayment to be entered as the decision in this proceeding pursuant to Rule 50 of the Rules of this Court and amending the petition herein to include a prayer for this relief.

Respondent did not oppose the granting of said motion and it was granted, and relief will be granted accordingly.

*Decision will be entered under Rule 50.*