### ZIRJACKS v. SCOFIELD.
No. 13922.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

Hutcheson, Chief Judge, dissented.

689

Muckleroy McDonnold, San Antonio, Tex., for appellant.

Carolyn R. Just, Sp. Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

The determinative question here is whether or not, for estate tax purposes, the corpus of a trust created August 25, 1939, by Charles C. Zirjacks and his wife for the benefit of the trustors' two children and the children of the latter, should be included, pursuant to Sec. 811(d) (1) of the Internal Revenue Code, 26 U.S.C.A. § 811(d) (1), in valuing the gross estate of Charles C. Zirjacks, now deceased.

The trust was created in Texas out of community property theretofore owned by the Zirjacks who, under the trust indenture, became trustees thereof to manage the same for the benefit of their two children and the children of the latter. The trust was irrevocable in the sense that it precluded the trustors from recapturing the trust property for themselves, or receiving any income therefrom.

The powers of the trustees were broad. Amongst other things, they were empowered "to amend, change or alter this trust and the provisions of this instrument, or any part thereof, in any way, at any time and from time to time successively, as they may deem proper," provided they neither extended the trust, changed any of the beneficiaries, nor thereby received for themselves any of the income or corpus of the trust estate.

The trustees were also given "full power and authority to use said trust estate or any part thereof at any time for any purpose they may see fit, and may engage in any sort of agricultural pursuit they may deem proper, and may engage in the business of buying and selling cattle and other livestock * * * and may engage in any mercantile or business activity they may deem proper, and use said trust estate or a part thereof." The fruits of such operation would belong, of course, to the beneficiaries.

The trustees are also empowered to determine whether or not, and when, payments from the trust estate shall be made to the beneficiaries, and the amount and nature thereof, whether corpus or income, or both, except that payments to the children of the trustors' children shall be adjusted and equalized, per stirpes, upon ultimate termination of the trust. The trustees were given full discretionary power to pay all or any part of the trust corpus or income to any beneficiary at any time, or to accumulate it, and no beneficiary was entitled to demand any payment, as a matter of right, at any time.[1]

The trust would ultimately terminate in due course upon the death of the survivor of the two trustees, or if the surviving or remaining sole trustee should refuse or

[1]. In this respect the trust indenture provides: "Whether such expenditures or payments shall be made, and the amount and nature of such expenditures, if any, and the amount of any such payments, if made, shall rest exclusively and wholly within the discretion and decision of the trustees hereunder."

be unable to act, at which time the corpus would vest in the beneficiaries then entitled thereto, subject to the equalization provisions already mentioned. The trust was sooner terminable, however, "at any time by the sole decision and in the sole discretion of the acting trustee or trustees."

Acting under their power to alter, amend or terminate, the trustees on June 11, 1943, amended the trust to provide that it should terminate on July 1, 1949, reserving the right to further shorten it.

Charles C. Zirjacks died April 27, 1944. Upon a redetermination of his estate tax, the Commissioner of Internal Revenue included the value of the trust property in the gross value of Zirjacks' estate under Sec. 811(d) (1) of the Internal Revenue Code. The tax attributable to this inclusion was paid under protest and this suit brought to recover it. Recovery was denied below and the taxpayer appeals.

Section 811(d) (1), supra, requires that there be included in a decedent's gross estate the value of any property transferred by the decedent after June 22, 1936, whether in trust or otherwise, "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or * * * in conjunction with any other person * * * to alter, amend, revoke, or terminate * * *," unless such transfer was a *bona fide* sale for an adequate and full consideration.

In Commissioner v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228, it was held that the word "enjoyment," as used in Sec. 811(d) (1), supra, is not a mere word of art, but connotes "substantial present economic benefit rather than technical vesting of title or estates." Though differing in detail, the trust indenture here involved is fundamentally the same as that construed in the Holmes case. Here, as there, the trustees reserved the power to pay to, or to withold from, any beneficiary any part of the trust estate and to determine the nature and extent of any payments to be made, also the power to accumulate both income and corpus, the beneficiary having no right to demand it. The right to

terminate the trust at any time, and to terminate contingencies upon which the right of enjoyment depends, was also reserved in the trustees.

If this trust were administered in due course as originally planned, the corpus would be received by the two children of the trustors if they survived until July 1, 1949. Otherwise, the corpus would pass to their children, per stirpes, or if the deceased child left no children then the entire corpus would pass to the trustors' surviving child or to his children. However, by exercising the powers reserved to them in this trust indenture to control payments, to accumulate both income and corpus, and to terminate the trust at will, these trustees could at any time change the whole course of the trust, either by withholding payments from their children, or on the other hand, by vesting in their own children the immediate enjoyment of the entire trust property which they might not have otherwise survived to receive, thus terminating the trust and defeating all contingent benefits. Or, by exercising their power to withhold payments, and to accumulate instead of paying, the trustees could through the life of the trust materially affect the expectancies of one who might be a qualified beneficiary in due course but from whom the trustees decided to withhold payments as administration of the trust progressed. Thus these powers could be exercised to determine not only the time of enjoyment, but also the persons who would enjoy the property, by transforming contingent interests into absolute ownership, thereby destroying other contingent interests altogether.

The powers reserved to the trustees by this indenture are even broader than those in the Holmes case, supra, of which the Supreme Court said that one who has the power to terminate contingencies upon which the right of enjoyment is staked, so as to make certain that a beneficiary will have it who may never come into it if the power is not exercised, has a power which affects not only the time of enjoyment but one which is determinative of the person or persons who may enjoy the trust estate,—a power which affects the very right of enjoyment itself.

It was held in the Holmes case that a donor who keeps so strong a hold over the actual and immediate enjoyment of property has not divested himself of that degree of control which Sec. 811(d) (2) requires in order to avoid the tax, even though he has put it beyond his own power to re-take it for himself. The same is true here, under Sec. 811(d) (1). The trial court properly so held.

In Hays' Estate v. Commissioner, 5 Cir., 181 F.2d 169, relied on by appellant, a Mississippi trust was involved. It was held that the beneficiaries under that instrument took by operation of law and not by purchase, and that under the laws of Mississippi, by which the effect of that instrument is determined, the equitable or beneficial title vested immediately and irrevocably in the beneficiaries, notwithstanding the attempted reserved powers of the trustee. Consequently, it was held that the "enjoyment" of the trust property there involved was not subject to the exercise of a power "to alter, amend, revoke, or terminate," and hence Sec. 811(d) (1) did not apply. Here, however, we have a Texas trust, to be construed according to the laws of that state, with powers reserved to the trustees even broader than those in the Holmes case, supra, which also involved a Texas trust. The latter case must control here. See also Commissioner v. Newbold's Estate, 2 Cir., 158 F.2d 694, 697. We have considered appellant's other contentions, but no reversible error appears.

Affirmed.

HUTCHESON, Chief Judge (dissenting).

Believing that the decision of this court in Hays' Estate v. Commissioner, 181 F.2d 169, is controlling here, and that it cannot be substantially distinguished, I dissent from the judgment of affirmance.

Since the decision of the court in this case seems to turn on likening it to the C. I. R. v. Holmes case from this court, 148 F.2d 740, and differentiating it from the Hays case, I desire to point out that while two of the judges, who sat in the Holmes case, sat also in the Hays case, one of those judges, Judge McCord, while dissent-ing in the Holmes case, concurred in the Hays case. I feel, therefore, that the Hays decision is not just another instance of a court convinced against its will being of the same opinion still, but that it is an instance of the careful differentiation of cases and that it results in the confinement of a principle within its proper bounds, instead of, as seems to me to be the case with the majority opinion, enlarging it beyond due proportion.