In re INMAN'S ESTATE.

SHILAND v. COMMISSIONER OF INTERNAL REVENUE.

No. 175, Docket 22551.

United States Court of Appeals, Second Circuit.

Argued March 11, 1953.

Decided April 6, 1953.

680

Winthrop, Stimson, Putnam & Roberts, New York City, for petitioner; Allen T. Klots, Henry L. Steitz and Merrell E. Clark, Jr., New York City, counsel.

H. Brian Holland, Asst. Atty. Gen.; Ellis N. Slack, Lee A. Jackson and L. W. Post, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue, respondent.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The decedent, Charles S. Inman, who died on August 2, 1946, created a trust on December 27, 1940, for a term of ten years; the trust fund was to be divided into three equal parts for the benefit of his three nephews who were made the trustees. The provisions of the deed of trust in so far as here relevant read as follows:

"To hold, invest and reinvest one of said parts and pay over the net income of said part to [the nephew] individually. Upon the death of [the nephew], or on December 27th, 1950, the trust as to that part held for the benefit of [the nephew] shall terminate. The trust as to said part may be also terminated at any time by the joint action of all three persons named as trustees, but such action shall not be effective if the grantor is alive at that time unless the grantor shall likewise give his consent to such termination in writing. If [the nephew] is alive at the termination of the trust as to said part, the trustees shall deliver and pay over to [the nephew] outright and free from all trust the principal of the said part. Upon the termination of the trust as to said part prior to said date by reason of the death of [the nephew], the trustees shall pay over the principal of the trust as to said part to or for the benefit of those persons related to [the nephew] by blood or marriage and in such proportions and upon such terms in trust or otherwise as [the nephew] may appoint by his last will and testament. Upon the failure of valid appointment, the principal of the trust of said part shall be delivered to those persons who would then be entitled to the personal estate of [the nephew] were he to die intestate pursuant to the laws of the State of New York as existing at the time of his death."

The Tax Court held that the power retained by the decedent to consent, in conjunction with his three nephews, to the termination of the trust required its inclusion in his gross estate because of the provisions of § 811(d) (1) of the Internal Rev-

enue Code.[1] Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228. The court further held that the legal incompetency of the decedent prior to his death did not end his power to terminate. Hurd v. Commissioner, 1 Cir., 160 F.2d 610. The only assignment of error relied on by petitioner Andrew Shiland, who became the executor of decedent's estate, relates to the Tax Court's determination that the amount includible in the gross estate was the value of the trust corpus minus only the value of the unexpired portion of the term of years during which the nephews were absolutely entitled to the income.

The petitioner argues that the actuarial value of a life estate in the corpus of the trust for each of the three nephews must be excluded from the decedent's gross estate since the control retained by the decedent over the trust could in no event alter the nephews' right to receive the income for life. Although the beneficiaries were not in terms given a life estate, they evidently had at least its equivalent, for there was no contingency under which they could receive a smaller interest. If they died prior to the expiration of the ten year period they plainly would have enjoyed a life estate; if they survived the ten year period or the trust was terminated earlier they would receive the fee. To say that the fee would not include the right to enjoy the income for life is to ignore realities. Further, as the petitioner points out in his brief, a transfer to "A for life, and if he lives for ten years or if the trust be terminated before then, to A in fee" at the very least gives A the value of a life estate

which would be deductible from the settlor's gross estate if the reservation of power to terminate required inclusion under § 811(d) (1). The use of a different wording obviously should not alter the estate tax result.

It is clear that only those interests, the enjoyment of which is controlled by the decedent through the retention of some power, are taxable under § 811(d) (1). Where a power to alter interests in income by accumulation or otherwise is reserved by a decedent, together with control over the remainder, the entire corpus of the trust is taxable. See Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228; Commissioner of Internal Revenue v. Newbold's Estate, 2 Cir., 158 F.2d 694; Hurd v. Commissioner, 1 Cir., 160 F.2d 610; Zirjacks v. Scofield, 5 Cir., 197 F.2d 688. However, where, as in the case at bar, the power retained only affects the remainder, the value of the remainder is all that is included in the gross estate under § 811(d) (1). See Thorp's Estate v. Commissioner, 7 T.C. 921, affirmed 3 Cir., 164 F.2d 966, certiorari denied 333 U.S. 843, 68 S.Ct. 660, 92 L.Ed. 1126; Hauptfuhrer's Estate v. Commissioner, 3 Cir., 195 F.2d 548, certiorari denied 344 U.S. 825, 73 S.Ct. 26. The Tax Court relied on our decision in Dominick's Estate v. Commissioner, 2 Cir., 152 F.2d 843, petition for certiorari dismissed 329 U.S. 693, 67 S.Ct. 628, 91 L.Ed. 606. But the main holding in that case was subsequently overruled by an amendment of Reg. 108, § 81.17. T.D. 5512, 1946-1 Cum.Bull. 264. Moreover, that decision involved § 811(c) governing transfers taking effect at death.

---

1. "Sec. 811. *Gross estate*

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(d) *Revocable transfers*

"(1) *Transfers after June 22, 1936.* To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bonafide sale for an adequate and full consid-

eration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death; \* \* \*." 26 U.S.C.A. § 811(d) (1).

682

Our conclusion is strengthened by the anomalous result produced by the Tax Court's method of valuation. Since only the value of the trust's unexpired term of years at the date of the decedent's death would be subtracted from the value of the corpus in computing the taxable amount, the estate tax would vary inversely with the length of time during which the decedent still retained the power to consent to the termination of the trust. Thus, under the Tax Court's holding, if the decedent had died one day before the expiration of the trust and of his power to terminate, the tax would be substantially greater than that due had he died immediately after the creation of the trust when his power to terminate still would have had almost ten years to run. Yet it was his retention of this power which resulted in the inclusion in the gross estate.

█ The value of the principal of the trust on August 2, 1947, the optional date, was $171,393.55. The parties have stipulated that the actuarial value of a life estate for the three nephews is $112,287.15. Consequently the amount includible in the gross estate is $59,106.40.

Accordingly the decision of the Tax Court is reversed and the case remanded for entry of judgment in accordance with this opinion.