295 F.2d 720
 Mildred E. WALTER and Gloria C. Walter (now Gloria Walter Kleis), Executors de bonis non of the Estate of Gertrude C. Walter, Deceased, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 14413.
 United States Court of Appeals Sixth Circuit.
 November 3, 1961.
 
 Richard LaValley, Toledo, Ohio (John W. Bebout, Boxell, Bebout, Torbet & Potter, Toledo, Ohio, on the brief), for plaintiffs-appellants.
 Loring W. Post, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., Russell E. Ake, U. S. Atty., Toledo, Ohio, on the brief), for defendant-appellee.
 Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The District Judge was correct in holding that the decedent made a revocable transfer under Section 2038 of the Internal Revenue Code of 1954. Commissioner of Internal Revenue v. Estate of Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228; Lober, et al. v. United States, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15; DuCharme's Estate v. Commissioner of Internal Revenue, 6 Cir., 164 F.2d 959, modified, 6 Cir., 169 F.2d 76.
 
 
 2
 The Government, however, has conceded in this Court that the value of the granddaughter's right to the income from fifty per cent of the trust until she attains 30 years of age or sooner dies and from the other fifty per cent until she attains 35 years of age or sooner dies should be excluded from the value of the trust property includable in the estate for federal estate tax purposes.
 
 
 3
 Appellant contends that the granddaughter had a vested right to receive the entire net income and a vested right to receive the entire principal upon attaining stated ages and that the value of these rights rather than the value of the temporary estate, conceded by the Government, should be excluded.
 
 
 4
 This issue was not submitted to or determined by the District Court and for that reason we ought not to pass upon it in this appeal.
 
 
 5
 Furthermore, the cause must be remanded to the District Court for determination of another issue not previously submitted to that court, namely, whether the transfer was in contemplation of death.
 
 
 6
 So much of the judgment of the District Court as holds that the decedent made a revocable transfer is affirmed and the cause is remanded for determination of the two additional issues set forth herein.