Mildred E. WALTER et al., Executors de bonis non of the Estate of Gertrude C. Walter, deceased, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 15783.

United States Court of Appeals Sixth Circuit.

Feb. 9, 1965.

Richard G. LaValley, Toledo, Ohio, John W. Bebout, Boxell, Bebout, Torbet & Potter, Toledo, Ohio, on brief, for appellants.

Loring W. Post, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., on brief; Merle M. McCurdy, U. S. Atty., John G. Mattimoe, Asst. U. S. Atty., Toledo, Ohio, of counsel, for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

HARRY PHILLIPS, Circuit Judge.

This appeal involves the measure of federal estate taxes against the estate of Gertrude C. Walter, deceased, as applied to an inter vivos trust established by the decedent in favor of her granddaughter more than three years prior to her death. As originally filed the case involved three questions: (1) Was the trust a taxable revocable transfer under Section 2038 of the Internal Revenue Code of 1954, 26 U.S.C. § 2038? (2) If so, what is the correct measure of the tax? (3) In the alternative, was the trust taxable as a transfer made in contemplation of death?

On a previous appeal this court held that in establishing this trust the decedent made a taxable revocable transfer, and remanded the case to the district court for determination of the other two issues. Walter v. United States, 295 F.2d 720 (C.A. 6).

Upon remand, the district court held that the transfer was not made in contemplation of death within the meaning of Section 2035 of the Internal Revenue Code of 1954, 26 U.S.C. § 2035. No appeal was perfected from this latter holding, and the contemplation of death issue is not before this court.

The only issue remaining is the proper measure of the tax under Section 2038 of the Internal Revenue Code of 1954, 26 U.S.C. § 2038.[1]

On December 30, 1952, Mrs. Walter established the inter vivos trust here involved, for the use and benefit of her granddaughter, named two trustees, and

1. "Sec. 2038. Revocable Transfers.
"(a) In General.—The value of the gross estate shall include the value of all property (except real property situated outside of the United States)—
"(1) Transfers after June 22, 1936.—To the Extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death.
* * *
"(b) Date of Existence of Power.—For purposes of this section, the power to alter, amend, revoke, or terminate shall be considered to exist on the date of the decedent's death even though the exercise of the power is subject to a precedent giving of notice or even though the alteration, amendment, revocation, or termination takes effect only on the expiration of a stated period after the exercise of the power, whether or not on or before the date of the decedent's death notice has been given or the power has been exercised. In such cases proper adjustment shall be made representing the interests which would have been excluded from the power if the decedent had lived, and for such purpose, if the notice has not been given or the power has not been

184

transferred to the trustees the sum of $50,000. Under the terms of the trust instrument it was the mandatory duty of the trustees to pay the entire net income to the granddaughter until she attained the age of thirty years. When she reached the age of thirty it was the mandatory duty of the trustees to pay over to her one-half of the corpus of the trust. Thereafter the granddaughter was entitled to receive the entire net income from the balance of the trust until she attained the age of thirty-five, at which time it was the duty of the trustees to pay to her the entire balance of the corpus, whereupon the trust would terminate.

In the event the granddaughter should die prior to receiving the final distribution of the trust property, the trust instrument provided for gifts over to her issue, if any, or to named contingent beneficiaries. If the granddaughter should die without issue, and if all the contingent beneficiaries should predecease the granddaughter, the trust was to go to designated charities.

In addition to the mandatory provisions for payment of the entire income and the entire corpus to the granddaughter, the trustees were authorized to distribute all or any part of the corpus to her at any time upon her written request, to the extent that the trustees deemed it prudent and advisable.

The trust was irrevocable, except that the donor reserved the right, during her lifetime, to remove the trustees and appoint a successor, who possibly could have been herself. Under this reservation, the grandmother could have removed the trustees at any time, could have appointed herself as substitute trustee, and in that capacity could have accelerated payment of the corpus to her granddaughter, or could have terminated the trust altogether and paid over the entire corpus to the granddaughter. It was because of this reservation of power in the donor that this court held, on the previous appeal, that the trust was a

revocable transfer under Section 2038. Walter v. United States, supra, 295 F.2d 720 (C.A. 6); Lober v. United States, 346 U.S. 335, 74 S.Ct. 98, 98 L.Ed. 15; Commissioner of Internal Revenue v. Holmes, 326 U.S. 480, 66 S.Ct. 257, 90 L.Ed. 228; Du Charme v. Commissioner, 164 F.2d 959, modified 169 F.2d 76 (C.A. 6).

The donor died February 19, 1955, at which time the granddaughter was an adult, twenty-seven and one-half years of age, living with her parents. The granddaughter had never been married, and had never made any written request for distribution of corpus to her. The donor never exercised her right to remove the trustees and appoint a successor. The granddaughter lived to receive the income from the trust under its provisions, together with one-half of the corpus at age thirty and the remainder of the corpus at age thirty-five.

We now turn to the one issue remaining in the case, that is, what is the correct measure of the tax. The district judge, Honorable Frank L. Kloeb, originally held that the entire trust was taxable as a revocable transfer. On the prior appeal to this court the Government conceded that the value of the granddaughter's right to receive the income from the trust until she attained the age of thirty years or sooner died and from fifty per cent of the trust until she attained the age of thirty-five or sooner died should be excluded from the value of the trust property includable in the estate of the decedent for federal estate tax purposes. Upon remand the district judge held that the actuarial value of this interest is $7,682.00 and that, after excluding this amount, all the balance of the trust property should be included in decedent's gross estate for tax purposes.

On this appeal the executors contend: (1) That the only contingency which could have prevented the granddaughter from receiving both the income and the corpus was that she might die before one

exercised on or before the date of his death, such notice shall be considered to

have been given, or the power exercised, on the date of his death."

of the dates specified for payment to her; that the vested rights of the granddaughter were greater than a life estate; and that there should be deducted from the value of the trust the actuarial value of the granddaughter's rights to receive the entire net income of the trust and to receive the entire corpus of the trust upon attaining the stated ages; or (2) In the alternative that the granddaughter was vested with not less than a life estate in the trust and that actuarial value of her life estate should be excluded from the measure of the tax, relying upon In re Inman's Estate, 203 F.2d 679 (C.A. 2), reversing Inman v. Commissioner, 18 T.C. 522. The Government contends, on the other hand, that the district court was correct in its determination that all of the trust is subject to estate taxes except $7,682.00, the actuarial value of the right of the granddaughter to receive the income from the trust until she attained the stated ages or sooner died.

■ In determining the correct measure of the tax, it must be borne in mind that the estate tax is imposed upon the *transfer* of property by a decedent, and not the *receipt* of property by a beneficiary, and is to be measured in this case, not by what the granddaughter received but by what the grandmother relinquished or transferred in possession or enjoyment as of the date of her death. Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410; Edwards v. Slocum, 264 U.S. 61, 62, 44 S.Ct. 293, 68 L.Ed. 564. The basic question under Section 2038 is not whether the granddaughter was vested with a life estate or even an interest greater than a life estate. The measure of the tax is the extent that the grandmother had the right at her death to control the beneficial enjoyment of the transferred property. Lober v. United States, supra; Commissioner of Internal Revenue v. Holmes, supra; Du Charme v. Commissioner, supra.

■ As stated in 3 Mertens', Law of Federal Gift and Estate Taxation, § 25.-03 (1959):

"That the interest of the beneficiary is vested is not the equivalent of enjoyment. It is obvious that where full enjoyment is withheld and subjected to the grantor's control, for example by reposing in him power to accelerate or defer present economic enjoyment, the fact that there may be a technical vesting of title or estate will not defeat the inclusion of the power."

■ It also must be kept in mind that the measure of the tax must be determined according to the situation as it existed on the date of the death of the decedent, and not according to subsequent events, "[t]empting as it is to correct uncertain probabilities by the now certain fact * * *." Ithaca Trust Co., Executor v. United States, 279 U.S. 151, 155, 49 S.Ct. 291, 292, 73 L.Ed. 647.

■ In the present case the corpus of the trust would have passed to designated contingent beneficiaries if the granddaughter had died before attaining the age of thirty as to all the corpus and the age of thirty-five as to one-half the corpus. Although the trust was irrevocable by the terms of the trust instrument, the grandmother at any time prior to her death could have removed the trustees and named herself as trustee, and in that capacity could have accelerated payment of any part of the corpus to the granddaughter, or could have terminated the trust altogether by paying over all the corpus to the granddaughter. It is not material that the grandmother reserved the right to exercise this power as trustee, rather than in her individual capacity. Du Charme v. Commissioner, supra.

In holding that the power to terminate an otherwise irrevocable trust is the power to "alter, amend or revoke" within the meaning of the statute, the Supreme Court said in Commissioner of Internal Revenue v. Holmes, supra: [2]

"It seems obvious that one who has the power to terminate contingencies upon which the right of enjoyment is

2. This case involved a trust created prior to June 22, 1936, and was controlled by

§ 811(d) (2) of the Internal Revenue Code of 1939, now § 2038(a) (2) of the

staked, so as to make certain that a beneficiary will have it who may never come into it if the power is not exercised, has power which affects not only the time of enjoyment but also the person or persons who may enjoy the donation. More therefore is involved than mere acceleration of the time of enjoyment. The very right of enjoyment is affected, the difference dependent upon the grantor's power being between present substantial benefit and the mere prospect or possibility, even the probability, that one may have it at some uncertain future time or perhaps not at all. A donor who keeps so strong a hold over the actual and immediate enjoyment of what he puts beyond his own power to retake has not divested himself of that degree of control which § 811(d) (2) requires in order to avoid the tax." 326 U.S. at 487, 66 S.Ct. at 260.

In reaching the same result in Lober v. United States, supra, the Court said:

"A crucial term of the trust instruments was that Lober could at any time he saw fit turn all or any part of the principal of the trusts over to his children. Thus he could at will reduce the principal or pay it all to the beneficiaries, thereby terminating any trusteeship over it." 346 U.S. at 336, 74 S.Ct. at 99.

 It follows that the trust in this case is exempt from the tax only to the extent that enjoyment was vested in the granddaughter and was beyond the scope of the power retained in the grandmother to shift the enjoyment. We hold that the district court was correct in its conclusion that all the trust was taxable except the actuarial value of the granddaughter's right to the income until she

Internal Revenue Code of 1954. The present case is controlled by § 2038(a) (1), which applies to trusts created after June 22, 1936, but the controlling principle is the same.

attained the stipulated ages or sooner died.

Appellant relies strongly upon In re Inman's Estate, supra, 203 F.2d 679 (C.A. 2), which construed a similar trust to vest in the beneficiaries a life estate and held that the actuarial value of a life estate was deductible in determining the estate tax due under Section 811(d)(1) of the Internal Revenue Code of 1939.[3] With utmost deference, we decline to follow Inman. In the instant case the granddaughter did not have a life estate in law or in fact. She had only a defeasible term of years, with a reservation in the grandmother of the power to accelerate enjoyment or to terminate the trust altogether and vest absolute title in the granddaughter. If the decedent had wished to give the granddaughter a life estate, she easily could have drafted the trust instrument so as to do so. The Government concedes that it was beyond the control of the grandmother to deprive the granddaughter of the right to receive the income from the trust until she attained the age of thirty or sooner died, and the right to receive the income from one-half the trust until she attained the age of thirty-five or sooner died. The value of these rights is all that can be excluded from the estate tax, because it was not beyond the reach of the decedent up to the time of her death to accelerate the enjoyment of all other rights in the trust. In our opinion a defeasible term of years was not converted into a life estate because the granddaughter would have had a life estate if she had died before receiving the corpus.

The decision of the district court is affirmed and the case is remanded for the entering of a judgment in accordance with this opinion and in conformity with Rule 58 of the Federal Rules of Civil Procedure.

3. See criticism of this decision in 3 Mertens, Law of Federal Gift & Estate Taxation, § 25.49, at 761 (1959), and Lowndes & Kramer, Federal Estate and Gift Taxes 188 (1962).